## STATE OF VERMONT

| | | |
|---|---|---|
| SUPERIOR COURT<br>Washington Unit | | CIVIL DIVISION<br>Docket No. 333-6-19 Wncv |

Citizens Insurance Company of,
    Plaintiff

v.

                       **DECISION ON MOTION**

Vermont School Board Insurance,
Catlin Indemnity Company,
    Defendants

This is an insurance coverage dispute among potentially liable insurance providers arising out of an ongoing, separately filed tort suit in Franklin Superior Court. In the tort suit, Mr. Andrew M. Douglas alleges that while a student at the Missisquoi Valley School, part of the Franklin Northwest Supervisory Union (Franklin), he was attacked and severely injured by another student, M.F. Mr. Douglas alleges that while suffering from the resulting traumatic brain injury and post-traumatic stress, years after the attack, Franklin discriminated and retaliated against him in violation of the Vermont Fair Housing and Public Accommodations Act ("VFHPAA"), 9 V.S.A. §§ 4500–4507, by persistently failing to adopt or employ an effective "safety plan," otherwise successfully managing school-related contacts between Mr. Douglas and M.F., and taking punitive actions against Mr. Douglas.

The attack occurred in October 2012. Plaintiff Citizens Insurance Co. of America provided commercial general liability (CGL) coverage to Franklin when the attack occurred and is providing a defense in the tort suit. In earlier proceedings in this case, the court dismissed Citizens' claim against Defendant Catlin Indemnity Company, which provided CGL coverage to Franklin for the two policy years following the policy year of the attack, because the tort complaint is not reasonably read to assert any injury triggering a duty to defend occurring during Catlin's coverage period.

Following the Catlin coverage period, Defendant Vermont School Board Insurance Trust, Inc. (VSBIT) provided CGL coverage to Franklin. Citizens and VSBIT have now filed cross-motions for summary judgment addressing whether the complaint asserts any injury triggering a duty to defend by VSBIT.

The court recited the facts of the complaint and summarized the applicable insurance law standards at length in its February 6, 2020 dismissal decision and declines to do so again here in any detail. Briefly, count 1 of the complaint focuses on the student-on-student attack, which clearly occurred during the Citizens policy period. Count 2 focuses on the disability discrimination arising out of Mr. Douglas's contacts with Franklin a few years after the attack, during the VSBIT coverage period. Harms potentially asserted as due to Franklin's alleged discriminatory conduct include emotional and psychological distress, post-traumatic stress disorder (PTSD), major depression, nightmares, etc.

The controversy between Citizens and VSBIT is whether the discrimination claim, as alleged in the tort complaint, might find coverage in the VSBIT policy. Citizens argues that the tort complaint asserts bodily injuries caused by an occurrence within the meaning of the VSBIT policy and thus VSBIT has a duty to defend Franklin in the tort suit. VSBIT argues that there was no occurrence here, and hence there is no coverage, because (1) Franklin's alleged discriminatory conduct was not an accident, (2) the allegations do not describe a "bodily injury," and (3) any harm suffered by Mr. Douglas during the VSBIT policy arose directly, at least in part, out of the attack that long preceded the VSBIT policy. Because the court concludes that the definition of bodily injury in the VSBIT policy resolves the matter in VSBIT's favor, the court focuses on that issue and declines to address the others.

The VSBIT policy is an occurrence-based CGL policy. It provides coverage, in relevant part, for "'bodily injury' [that] is caused by an 'occurrence.'" Policy Section I, Coverage A(b)(1). There is no dispute that Mr. Douglas suffered bodily injury in the 2012 attack, and that VSBIT is not liable for damages arising out of that bodily injury. The question is whether Mr. Douglas alleged "bodily injury," and related damages, arising out of the much later-occurring discrimination.

The applicable definition of "bodily injury" appears in an endorsement:

> "Bodily injury" means physical injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

VSBIT School Amendatory Endorsement, CGL Coverage Part (X)(1). This is an uncommon definition of bodily injury, and there appear to be few reported cases addressing it specifically. See 1 Law and Prac. of Ins. Coverage Litig. § 6:12 ("The definition of bodily injury varies little from policy to policy. In most instances, it is defined merely as 'bodily injury, sickness or disease' or, more expansively, as bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom.").

The definition at issue here draws a clear distinction between physical injuries and mental injuries. The natural reading of the first sentence of the definition is that "physical" modifies injury, sickness, and disease. For any mental or emotional injury, or death, to be covered, it must be the result of a physical injury, a physical sickness, or a physical disease—not a mental injury, mental sickness, or mental disease. "This result conforms to the standard grammatical rule that when an adjective modifies the first of a series of nouns, a reader will expect the adjective to modify the rest of the series as well (i.e. 'bodily injury, [bodily] sickness, or [bodily] disease')." *Ryder v. USAA General Indem. Co.*, 938 A.2d 4, 8 (Me. 2007). This is not ambiguous in the VSBIT policy.

Citizens argues that the complaint should be read to allege that the claimed discrimination caused PTSD and major depression, which had physical manifestations, such as sleeplessness and nightmares. It argues that some courts have concluded that "bodily injury"

2

may be demonstrated by the physical manifestations of mental injuries that would not, on their own, otherwise amount to a bodily injury.

In the case of more common definitions of bodily injury in CGL policies, Citizens is correct that some courts have held that a physical manifestation of a mental injury can be sufficient. As one treatise summarizes:

> The standard commercial general liability policy defines "bodily injury" as "bodily injury, sickness, or disease sustained by a person including death resulting from any of these at any time." Pure mental or emotional distress does not constitute bodily injury under a policy. Instead, mental or emotional distress must be manifested as a physical injury. Some jurisdictions have indicated that minimal physical symptoms such as headaches and regular loss of sleep may be sufficient.

9A Couch on Ins. § 129:6 (footnotes omitted). Defining bodily injury to mean bodily injury obviously is circular and vague and invites a broad reading given the standards applicable to the interpretation of insurance policy language.

That sort of analysis does not work, however, under the definition of bodily injury in the VSBIT policy. Under the VSBIT definition, whether the mental injury has a physical manifestation is not the issue. Rather, the mental injury itself must have flowed from the physical injury—not the other way around. Citizens' theory, however, is that the alleged discrimination caused the mental injury, which in turn caused a physical injury. That theory contorts the definition applicable here beyond recognition. See *Knutsen v. State Farm Fire and Casualty Company*, 375 F.Supp.3d 514, 522 (2019) (analyzing a similar definition and concluding: "Since these minor symptoms all stem from her emotional distress, which is explicitly excluded from the State Farm policy, State Farm is not obligated to indemnify or defend the [insureds] in the [tort] lawsuit."). Neither the parties nor the court have found any cases concluding that a mere physical manifestation resulting from a mental injury could be sufficient under the sort of definition of bodily injury that applies in this case.

Citizens also argues that PTSD and major depression should be treated as within the scope of "sickness" and "disease." While that might be so under some definitions of bodily injury (or personal injury), here it is clear that the definition refers to physical sickness and physical disease, and those concepts are distinguished from what would be mental sickness and mental disease. While philosophers and neurologists can debate the rigidity, utility, and reality of mind–body dualism, the VSBIT policy clearly draws a distinction. See *Moore v. Continental Cas. Co.*, 746 A.2d 1252, 1257 (Conn. 2000) ("The question in this case is the legal meaning of '[b]odily [i]njury' as defined in the policy. It is not the medical or scientific question of the degree to which the mind and the body affect each other."). Under it, mental, emotional, or psychological injuries, such as PTSD and major depression, must be the result of physical injuries to find coverage.

3

The tort complaint does not assert a bodily injury recognizable by the VSBIT policy. VSBIT can have no duty to indemnify, and it therefore has no duty to defend in the tort suit. Because this analysis is sufficient to resolve VSBIT's liability in this case, the court declines to address the other issues raised by the parties.



Robert R. Bent,
    Judge

4